IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA GRIFFIN, | ) | CASE NO. 1:16 CV 1259 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |

This matter is before the Court on the Motion to Dismiss filed by Defendant, Bank of America, N.A. ("BANA") (Docket #13), and the Motion to Dismiss Count I of the Complaint filed by Defendant, Bayview Loan Servicing, LLC ("Bayview") (Docket #18).

I.  **The Complaint.**

Ms. Griffin alleges BANA and Bayview violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), by unlawfully obtaining her credit report from credit reporting agencies and unlawfully continuing collections activities against her, despite having been notified of the fact that any and all debts Ms. Griffin had previously owed to either BANA or Bayview had been discharged in bankruptcy years prior.

In Count One, Ms. Griffin alleges that BANA and Bayview violated the FCRA by requesting and obtaining her consumer report from credit reporting agencies TransUnion and

Experian with no "permissible purpose," as prohibited under the FCRA. Ms. Griffin alleges Defendants falsely represented that access was authorized for "account review" purposes, despite knowing that she no longer held an interest in the subject property; that her debt had been discharged in bankruptcy; and, that Defendants were legally prohibited from pursuing further collection activities against her. Ms. Griffin argues that each impermissible inquiry is a separate violation of the FCRA and that Defendants have received thousands of similar disputes from other consumers whose credit reports were requested despite the fact that their debt had previously been discharged in bankruptcy.

In Count Two, Ms. Griffin alleges Bayview violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692f, by repeatedly contacting her in an attempt to collect a debt that Bayview had been notified was discharged in bankruptcy. Ms. Griffin asserts Bayview materially misrepresented that a debt was still owed by Ms. Griffin on the Mortgage, in violation of 15 U.S.C. § 1692e(2)(A); that Bayview's dunning letters, account statements and other mail correspondence violated 15 U.S.C. § 1692f, by attempting to collect interest, late fees, foreclosure-related fees, attorneys' fees, taxes, and/or insurance premiums to which Bayview is not entitled; and, by impermissibly accessing her consumer report as a part of its collection efforts, in violation of 15 U.S.C. § 1692f(1).

In her Complaint, Ms. Griffin states that Defendants' actions have caused and will continue to cause her mental distress and anguish, stemming from an ongoing invasion of her privacy. Ms. Griffin states that she justifiably fears that Defendants will continue to unlawfully access her personal, private and financial information; continue to attempt to collect payment from her on the discharged debt; and, cause harm to her credit or otherwise harm her economically. Ms. Griffin seeks actual, punitive and statutory damages, as well as attorneys'

fees and costs.

II.     **Motions to Dismiss.**

BANA filed its Motion to Dismiss on July 22, 2016 (Docket #13) and Bayview filed its Motion to Dismiss Count I of the Complaint on August 8, 2016 (Docket #18). Both BANA and Bayview seek dismissal of Ms. Griffin's FCRA claim (Count One) for lack of subject matter jurisdiction. Defendants argue that pursuant to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Ms. Griffin lacks Article III standing because she failed to allege any facts demonstrating she suffered a cognizable, concrete and particularized injury as a result of either BANA or Bayview pulling her credit report and that bare procedural harm is insufficient.

Ms. Griffin filed her Brief in Opposition to Defendants' Motions to Dismiss on September 13, 2016. (Docket #24.) Ms. Griffin argues that the protection of consumer privacy is a stated purpose of the FCRA; that the privacy rights conferred under Section 1681b of the FCRA are substantive rather than procedural in nature; and, therefore, that the alleged procedural violation constitutes an injury in fact sufficient to establish standing under *Spokeo*. *See Thomas v. FTS USA, LLC*, Case No. 3:13 CV 825, 2016 U.S. Dist. LEXIS 85545, *28 (E.D. Va. June 30, 2016) ("an unauthorized dissemination of one's personal information, even without a showing of actual damages, is an invasion of one's privacy that constitutes a concrete injury sufficient to confer standing to sue"); *Rogers v. Capital One Bank (USA), N.A.*, 1:15 CV 4016, 2016 U.S. Dist. LEXIS 73605, *2 (N.D. Ga. June 7, 2016).

BANA and Bayview filed Reply Briefs on September 23, 2016 and September 29, 2016 respectively. (Docket #s 28 and 29.) Both argue that regardless of the FCRA's legislative history and purpose, and regardless of parallels to a common law invasion of privacy claim, Ms. Griffin must allege concrete and particularized damages and has not done so.

## Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must provide sufficient facts to state a claim that is plausible on its face in order to withstand dismissal. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When Article III standing is at issue, the plaintiff must allege facts sufficient to establish the requisite individualized harm. *See Keener v. Nat'l Nurses Org. Comm.*, 615 F. App'x 246, 251 (6th Cir. Ohio 2015).

Article III of the United States Constitution limits the jurisdiction of Federal Courts to justiciable cases and controversies, and requires a plaintiff have standing to file suit. To establish standing, a plaintiff must allege (1) an injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and, (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To establish an injury-in-fact, a plaintiff must show "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual and imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A concrete injury must be real, not abstract. However, intangible injuries may be concrete where (1) the "intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit" and (2) Congress identified and elevated the intangible harm to the status of a legally cognizable injury. *Id.* at 1549. In *Spokeo*, the Court recognized, "[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* (citing *Federal Election Comm'n v. Akins*, 524 U.S. 11, 20-25 (1998); *Public Citizen v.*

*Department of Justice*, 291 U.S. 440, 449 (1989)).

In enacting the FCRA, Congress sought to protect a consumer's right to privacy, in part by ensuring the confidentiality of consumers' credit information. *See* 15 U.S.C. § 1681; *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001). To that end, Congress limited the circumstances in which a consumer report may be obtained. 15 U.S.C. § 1681b, entitled "Permissible purposes of consumer reports," provides, in part, as follows:

> (f) Certain use or obtaining information prohibited. A person shall not use or obtain a consumer report for any purpose unless--
>
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f).

15 U.S.C. § 1681b(a)(3) sets forth the purposes for which a reporting agency may lawfully furnish a consumer report, stating as follows:

> Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
>     \*    \*    \*
>
> (3) To a person which it has reason to believe–
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
> (B) intends to use the information for employment purposes; or
>
> (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

> (D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
>
> (E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
>
> (F) otherwise has a legitimate business need for the information--
>
>> (I) in connection with a business transaction that is initiated by the consumer; or
>>
>> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.
>
> (G) executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards.

15 U.S.C. § 1681b(a)(3).

The question the Court must answer is whether the foregoing statutory provisions create a substantive right, the violation of which is sufficient to establish standing under Article III. Although decisions rendered since *Spokeo* vary by Circuit, the Court finds the decision in *Burke v. Federal National Mortgage Association*, Case No. 3:16 CV 153, 2016 U.S. Dist. LEXIS 105103 (E.D. Va. Aug. 9, 2016), to be persuasive, given its factual similarities to Ms. Griffin's case. Burke claimed Federal National Mortgage Association violated § 1681b(f) of the FCRA by obtaining her credit report, at least twice, without a permissible purpose. Federal National argued that Burke's alleged harm of increased risk for identity theft or further invasion of privacy were speculative and lacked particularity, thus failing to satisfy Article III standing requirements. Burke argued that in enacting the FCRA, Congress created a substantive right to privacy and, therefore, that a procedural violation of the FCRA was sufficient to establish standing.

The Court in *Burke* agreed that the privacy interest protected under the FCRA was a substantive right and denied defendants' Motion to Dismiss for lack of standing, finding as follows:

> The FCRA was meant to protect the interest of privacy. The portion of the FCRA at issue here is clear that one's consumer report is not to be obtained except for the limited purposes specifically provided by the statute. The language and context of this provision seem to establish a statutory right to privacy based in one's consumer report. As *Spokeo* counsels, this Court must defer to history and the judgment of Congress in deciding whether the alleged harm constitutes an injury-in-fact. In some sense, the right at issue can appear procedural, as it is a mechanism intended to prevent future harms. Yet, given the purposes, framework, and structure of the FCRA, the right to privacy established by the statute appears to be more substantive than procedural.

*Burke*, 2016 U.S. Dist. LEXIS 105103, at *10 (citing *Thomas v. FTS USA, LLC*, Case No. 3:13 CV 825, 2016 U.S. Dist. LEXIS 85545 (E.D. Va. June 30, 2016)).

Following the reasoning in *Burke*, the Court in *Firneno v. Radner Law Group, PLLC*, Case No. 2:13 CV 10135, 2016 U.S. Dist. LEXIS 142907 (E.D. Mich. Sept. 28, 2016), examined whether the unauthorized viewing and retention of a plaintiff's private financial information is a violation of privacy sufficient to satisfy the concreteness element for Article III standing. *Id.* at *11. Plaintiffs in *Firneno* claimed the named defendants had unlawfully obtained their credit and FICO scores, addresses, partial social security numbers, and debt amounts. The Court held that the "right to privacy is 'more substantive than procedural' such that the alleged violation is a concrete harm." *Id.* See also *Moody v. Ascenda USA Inc.*, Case No. 16-CV-60364, 2016 U.S. Dist. LEXIS 140712 (S.D. Fla. Oct. 5, 2016); *Perrill v. Equifax Information Services, LLC*, Case No. A-14-CA-612, 2016 U.S. Dist. LEXIS 117104 (W.D. Tex. Aug. 31, 2016).

Based on the foregoing, the Court finds that the FCRA violations alleged by Ms. Griffin are sufficient to establish Article III standing, as the right to privacy contemplated by Congress

under the FCRA is a substantive and, as such, the alleged violations committed by Defendants when they obtained Ms. Griffin's credit report without a permissible purpose constitute a concrete harm. Accordingly, the Court has subject matter jurisdiction over Ms. Griffin's FCRA claim and the allegations set forth in the Complaint are sufficient to withstand dismissal.

## Conclusion

The Motion to Dismiss filed by Defendant, Bank of America, N.A. (Docket #13) and the Motion to Dismiss Count I of the Complaint filed by Defendant, Bayview Loan Servicing, LLC (Docket #18) are hereby DENIED.

A status conference remains set for January 3, 2017 at 9:00 a.m.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: December 28, 2016